**BROWN v. NORMAN et al.**

No. 3035.

Court of Civil Appeals of Texas.

Eastland.

Oct. 16, 1953.

Rehearing Denied Nov. 6, 1953.

Thomas, Thomas & Jones, Big Spring, for appellant.

Cayton & Wassell, Lamesa, for appellees.

COLLINGS, Justice.

This is an injunction suit for the protection of a trade name. Plaintiffs, George D. Norman and wife and Kathryn Connor, joined pro forma by her husband, alleged that they were partners and owners and operators of a business located in Lamesa in Dawson County, Texas, known and operated under the trade name of "The Westerner Motel;" that they are members of the American Automobile Association and are listed under their trade name in the tourist guides of the Association as the recommended place to stay in Lamesa; that they are members of a cooperative association of motels operating under the trade name of Best Western Motels and are listed in its pamphlets, guides and other literature, including courtesy cards, whereby tourists can stay overnight and charge their bills to a central organization; that

they have expended considerable money in extensive advertising of their motel under the trade name of "The Westerner Motel." Plaintiffs further allege that Jewel Brown, defendant herein, also operates a motel in Lamesa and has done so for several years; that up until October 1, 1951, defendant's motel was operated under the trade name of "The Carolyn Motel"; that on such date, which was about eighteen months after plaintiffs had opened their place of business and after they had expended a considerable amount of money in advertising, the defendant changed the name of his place of business from "The Carolyn Motel" to the "Western Motel" and erected a sign in front of his place of business and advertised it by such name; that the name "Western Motel" is so similar to the plaintiffs' trade name of "The Westerner Motel" that any person using such reasonable care as the general public uses and would be expected to exercise would mistake plaintiffs' business for that of defendant and deal with defendant when he intended to deal wtih plaintiffs. Plaintiffs prayed that defendant be enjoined from so operating his business under the trade name of "Western Motel."

The case was tried before a jury which found that the name of defendant's motel was so similar to the name of plaintiffs' motel that a person with such reasonable care and observation as the public is capable of using and may be expected to exercise, would mistake one motel for the other and deal with one motel when he intended to deal with the other. Based upon such jury finding, the court entered judgment perpetually enjoining defendant, his agents and employees, from operating and advertising said business under the name or by the use of the word "Western" in connection therewith. Jewel Brown has appealed.

Only one point is presented upon this appeal. Appellant urges that the court erred in allowing the introduction of certain exhibits, consisting of letters, envelopes, bills, statements of accounts, invoices for goods sold and delivered, post cards and similar matters, written and addressed by persons not before the court and not subject to cross-examination by appellant; that such matters were hearsay.

Appellees introduced in evidence over appellant's objection, numerous letters, envelopes, post cards, bills, statements of account, invoices for goods sold and delivered. Each of such exhibits was shown to pertain to the business of the Westerner Motel but was addressed to either "Western Motel" or "Western Hotel." Appellant contends that since such letters, bills, invoices and other writings were prepared by persons not before the court and not subject to cross-examination, that they are hearsay of the rankest. sort. He urges that the harmful nature of such evidence is made evident by the cross-examination of several witnesses who had also addressed letters or bills to "Western Motel" which they intended to send to the "Westerner Motel," but who admitted that they knew the difference between the motels, and that the mistake was caused in "copying the name" or that they did not know any reason for the mistake but "just did it."

■ We cannot agree with appellant's contention. This is not a case where a third party's writing which asserts certain facts is introduced in evidence as proof of the truth of the facts asserted. The existence of mistakes and confusion in dealing with the two motels by reason of similarity in their names is a material consideration in the determination of this cause. The question of whether the mistake was made by one who knew or did not know the difference between the two motels is not controlling. Any mistake caused by the similarity of the names of the motels was of itself material and admissible. It was admissible to show that such a mistake was in fact made. McCormick & Ray on Evidence, page 446. As stated in Jones on Evidence, 3rd Ed. at page 455, Sec. 300:

> "It does not follow because the writing or words in question are those of a third person, not under oath, that therefore they are to be considered as hearsay. On the contrary, it happens in many cases that the very fact in controversy is whether such things were

written or spoken, and not whether they were true; and in other cases such language or statements, whether written or spoken, may be the natural or inseparable concomitants of the principal fact in controversy."

The exhibits in question, together with other evidence in regard thereto, show that they were addressed to one motel when they were intended for the other. The fact that such exhibits pertained to the business of the Westerner Motel is shown by admissible evidence and in some instances, by the substance of the exhibit itself. Cards, letters and other writings which pertained to the business of the Westerner Motel and could have been intended for it only, showed to have been addressed to "Western Motel." The fact that such exhibits were addressed to the "Western Motel" under the circumstances was obviously a mistake, and one which was calculated to cause a person to deal with one motel when he intended to deal with the other, even though he knew about both motels, where they were located and the exact difference in their names. The existence of such a mistake was of itself a relevant fact in the case. The mistakenly addressed exhibits were, therefore, relevant and material and not inadmissible as hearsay. The point is overruled.

The judgment of the trial court is affirmed.